UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA RYAN WOLF,

        Plaintiff,

        v.                                Case No. 22-cv-1206-bhl

JOHN DOE, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Joshua Ryan Wolf, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Wolf's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Wolf has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Wolf has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $27.10. Accordingly, the Court will grant his motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the time Wolf filed this complaint, he was an inmate at the Dodge Correctional Institution. Dkt. No. 1. He names as Defendants: (1) John Doe—Acting Sheriff at the Brown County Jail, (2) John Doe—Commissioner of the Department of Corrections Community Support, (3) John Doe—Executive Director of Wellpoint; and (4) State of Wisconsin. *Id.* at 1.

On July 14, 2022, Wolf pressed the intercom to ask about an "I-CARE" package he was expecting. *Id*. at 2. Officer Wertel (not a defendant) ignored him, so Wolf pressed the intercom again. *Id*. Officer Wertel asked, "accept or appeal 24 hours lockdown for misuse of intercom?" *Id*. Wolf pressed the intercom again and said "appeal." *Id*. Officer Wertel then gave him a second ticket for misuse of the intercom. *Id*. at 2-3. Officer Wertel said it was now 48 hours lockdown. *Id*. at 3.

After Officer Wertel gave Wolf the tickets, Wolf filed an inmate complaint against him alleging retaliation. *Id*. at 5. Officer Wertel then "targeted" Wolf and moved him to a restrictive housing unit for no legitimate reason. *Id*. Wolf says it's unfair that he had to immediately serve the 48 hours lockdown before the hearing on the tickets. *Id*. at 3. Wolf notes that, when these tickets were eventually reviewed, the corporal who reviewed them only used Officer Wertel's statement in determining the outcome. *Id*. Wolf states that this makes it "highly likely" that some correctional officers will abuse their power. *Id*. Wolf also notes that 48 hours in lockdown is very difficult for him because he spent a lot of his childhood in solitary confinement at the Brown County Jail. *Id*.

On August 9, 2022, and again on September 13, 2022, an unknown correctional officer in the restrictive housing unit (not a defendant) denied Wolf his legal mail. *Id*. at 5. On September 7, 2022, Nurse Lynn (not a defendant) refused to give Wolf his medication. *Id*. Nurse Lynn claimed that Wolf's medication was not in the computer system, but when a correctional officer checked later in the day, the medication was in the system under his name. *Id*. Wolf allegedly did not get his medication earlier in the day because he "had an attitude." *Id*. For relief, Wolf seeks monetary damages. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Court will dismiss the original complaint for failure to state a claim. As a preliminary matter, Wolf does not allege any specific facts about the John Does he has actually named as defendants in this case. Liability under §1983 requires personal involvement. *Burks*, 555 F.3d at

594 ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of [others]."). Therefore, Wolf failed to state a claim against the John Does. Moreover, Wolf cannot seek monetary damages against a State, so he has also failed to state a claim against the State of Wisconsin. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Further, with respect to the factual allegations he does make, Wolf has attempted to improperly join three unrelated claims against different defendants in the same lawsuit in violation of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 18(a) and 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions.") First, Wolf seeks to proceed on a First Amendment retaliation claim against Officer Wertel in connection with allegations arising on or around July 14, 2022. Second, he seeks to proceed on a First Amendment denial of legal mail claim against an unidentified officer in the restricted housing unit in connection with allegations arising on or around August 9, 2022 and September 13, 2022. Third, he seeks to proceed on an Eighth Amendment denial of medical care claim against Nurse Lynn in connection with allegations arising on or around September 7, 2022. These incidents occurred on different days, involve different defendants, and have different operative facts and legal issues. Therefore, the claims belong in different lawsuits, for which Wolf must pay separate filing fees.

The Court will give Wolf an opportunity to file an amended complaint to cure the deficiencies identified above. Specifically, Wolf should identify: (1) which <u>one</u> of the three claims listed above he wishes to proceed on in this case; and (2) all of the relevant facts and circumstances giving rise to that one claim including, who was involved, what each defendant did to violate his rights, when they did it, where it happened, and why they did it (if he knows).

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court will also include a blank prisoner amended complaint form. The Court will require Wolf to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If Wolf believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

Wolf is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Wolf files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Wolf does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Plaintiff may file an amended complaint that complies with the instructions in this order by **April 3, 2023**. If Plaintiff files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will likely dismiss this case.

6

**IT IS FURTHER ORDERED** that the Clerk's office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$322.90** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>   Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on March 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge